# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-346-TLS |
| | ) |
| FORT WAYNE POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Plaintiff[1] submitted a Complaint [ECF No. 1] against the Defendants, the City of Fort Wayne Police Department and an unknown officer, on September 6, 2017, and also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 2] on the same date.

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

---

[1] The Court notes that this is not the first case filed by the Plaintiff. He has filed other cases recently in the Northern District of Indiana: 1:16-CV-316-TLS (filed Sept. 26, 2016, and currently before this Court); 1:16-CV-138-TLS (filed April 29, 2016, and currently before this Court); 1:16-CV-386-RL (filed Nov. 14, 2016); and 1:17-CV-25-WCL (filed Jan. 23, 2017).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

But the inquiry does not end there. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff alleges that in June 2016, an unknown Fort Wayne police officer took his blood without consent while he was unconscious. (Compl. 2, ECF No. 1.) The Plaintiff alleges that this incident occurred "on Coliseum due to an accident," and, as a result, he was rushed to Parkview North Hospital where he was treated. (*Id.*) The Plaintiff alleges that because of this allegedly unconsented blood test, he was charged with and convicted for a DUI, for which he served thirty days in the Allen County Jail. (*Id.*)

The Plaintiff, proceeding pro se, is entitled to have his Complaint liberally construed by this Court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed, . . .' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'") (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The Court construes the Plaintiff's claims as a violation of his Fourth Amendment rights, which are enforceable through a civil action, under 42 U.S.C. § 1983. When public officers violate the constitutional rights of citizens, § 1983 provides the vehicle for a legal claim. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Section 1983 imposes liability on any "person" who, while acting under color of state law, deprives an individual of federally protected rights. 42 U.S.C. § 1983; see *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Section 1983 authorizes claimants to sue persons in their individual capacities who are alleged to have violated such rights. *Lewis v. Downey*, 581 F.3d 467, 472–73 (7th Cir. 2009). Section 1983 also authorizes claimants to sue persons in their official capacities. *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007). Personal involvement is an element of every claim under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

The Plaintiff has alleged, for the purposes of this IFP screening, a viable claim under § 1983. The Plaintiff's allegations give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted); *see also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (holding that in order to state a cause of action under § 1983, the Supreme Court requires only two elements that may be put forth in a short and plain statement: (1) the plaintiff must allege that some person has deprived

him of a federal right and (2) the plaintiff must allege that the person who has deprived him of the right acted under color of state law).

Accordingly, the Plaintiff may advance his claims against the Defendants, the City of Fort Wayne Police Department and an unknown officer.

## CONCLUSION

In addition to the Plaintiff's claims against the City of Fort Wayne Police Department and the unknown officer, the Plaintiff's Petition establishes that he is unable to prepay the filing fee. 28 U.S.C. § 1915(a). Accordingly, the Court:

    (1)    **GRANTS** the Plaintiff's Petition [ECF No. 2];

    (2)    **DEFERS** payment of the filing fee;

    (3)    **ORDERS** the Plaintiff to pay the filing fee from the proceeds of any recovery that is received in this case;

    (4)    **DIRECTS** that, pursuant to 28 U.S.C. § 1915(d), the United States Marshal's Service effect service of process on the Defendant City of Fort Wayne Police Department.

SO ORDERED on September 20, 2017.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT