UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION

TYQUAN STEWART,                       )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )   CAUSE NO.: 1:17-CV-346-TLS
                                      )
FORT WAYNE POLICE                     )
DEPARTMENT, UNKNOWN OFFICER,          )
PARKVIEW HOSPITAL, and                )
UNKNOWN EMPLOYEE,                     )
                                      )
        Defendants.                   )

# OPINION AND ORDER

This matter comes before the Court on Defendant Fort Wayne Police Department's Motion to Dismiss [ECF No. 20]. Tyquan Stewart, the Plaintiff, has not filed a Response as of the date of this Opinion and Order. For the following reasons, the Court grants the Defendant's Motion to Dismiss.

# BACKGROUND

On September 6, 2017, the Plaintiff, proceeding pro se, filed his first Complaint [ECF No. 1] against the Fort Wayne Police Department (FWPD) and an Unknown Officer, as well as a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. On September 20, 2017, The Court granted the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 3]. Shortly thereafter, the Plaintiff filed an Amended Complaint [ECF No. 5], which contained largely the same allegations as the original Complaint, but added Parkview Hospital and an Unknown

Parkview Employee as Defendants. The Plaintiff has not been able to secure private counsel, and has not convinced the Court to appoint counsel at this stage of the litigation [ECF Nos. 19, 27].

The Plaintiff's claim is relatively straightforward. In June of 2016, he was involved in a car accident. (Compl. ¶ 1.) After the accident, he passed out in an ambulance. (*Id.*) While he was unconscious, a police officer and a Parkview Hospital employee drew his blood without his consent. (*Id.*) The Plaintiff contends that this blood draw violated his Fourth Amendment right to be free of an unreasonable search or unreasonable seizure. (*Id.*) He also asserts that the blood draw violated Parkview policy. (*Id.*) As a result of the blood draw, the Plaintiff spent thirty days in jail, where he was continuously mistreated. (*Id.*)

The Fort Wayne Police Department argues that it should be dismissed from the instant action because (1) the FWPD cannot be sued under § 1983, and (2) the Plaintiff has not pleaded sufficient facts to establish municipal liability.

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his

> "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, alterations, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The instant case involves a pro se plaintiff, which means that the Court must liberally construe his pleading. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Additionally, pro se submissions are held "to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

The Fort Wayne Police Department argues that it should be dismissed from the instant action because (1) the FWPD cannot be sued under § 1983, and (2) the Plaintiff has not pleaded sufficient facts to establish municipal liability. The Court agrees, and discusses each point in turn.

### A.     Suable Entity Under 42 U.S.C. § 1983

The Plaintiff claims that the FWPD violated his Fourth Amendment right to be free of an unreasonable search or seizure when an Unknown Officer drew his blood without his consent. Constitutional tort claims such as this are generally brought under 42 U.S.C. § 1983. The statute

imposes liability on any "person" who, acting under the color of state law, deprives an individual of a federal constitutional right. 42 U.S.C. § 1983. Local governments and municipalities may qualify as a "person" under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Whether a local government or municipality qualifies as a "person" under § 1983 depends on applicable state law. *McMillan v. Monroe Cty.*, 520 U.S. 781, 786 (1997).

"[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Martin v. Fort Wayne Police Dep't*, No. 1:09-CV-48, 2010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010)). The FWPD is a municipal police department in Indiana, and it therefore has no separate legal existence apart from the city with which it is affiliated, the City of Fort Wayne. Hence, the Plaintiff has not stated a claim upon which relief can be granted against the FWPD. To properly state a claim against the City of Fort Wayne, the Plaintiff must either name the City as a defendant, or bring a claim against the Unknown Officer in his official capacity. *See Sow*, 636 F.3d at 300 ("Plaintiff is correct that he sued [the officer] in his official capacity and an official capacity suit is another way of pleading an action against an entity of which the officer is an agent.") (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)).

### B. Municipal Liability Under 42 U.S.C. § 1983

The FWPD further claims that even if it is a suable entity under § 1983, the Plaintiff has not properly stated a claim for municipal liability under § 1983. The Court agrees. The Plaintiff may not pursue a § 1983 claim against a municipality simply because an employee of the municipality violated his constitutional rights. *See Monell*, 436 U.S. at 691. Instead, the Plaintiff must show that a municipal policy or custom caused the alleged constitutional violation. *L.A.*

*Cty. v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell*, 436 U.S. at 694). The Seventh Circuit has articulated how, consistent with *Monell* and *Humphries*, a plaintiff may do this:

> First, she might show that the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Second, she might prove that the constitutional deprivation was visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels. Third, the plaintiff might be able to show that a government's policy or custom is made by those whose edicts or acts may fairly be said to represent official policy.

*Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc) (internal citations, quotation marks, and alterations omitted). The Plaintiff's Amended Complaint contains no factual allegations to reasonably infer that a municipal policy or custom employed by the City of Fort Wayne was the moving force behind the alleged constitutional injury. Rather, the Plaintiff points to the actions of one officer on one occasion. Accordingly, dismissal is proper. *See Franklin v. Civil City of South Bend*, No. 3:13-CV-207, 2013 WL 5308860, at *5 (N.D. Ind. Sept. 19, 2013).

**C.  Opportunity to Amend**

A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, a court should not grant leave to amend "where the amendment would be futile." *Stanard v.*

5

*Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

While the Plaintiff has not stated a claim under 42 U.S.C. § 1983 against a suable entity, it is not clear that amendment would be futile. Accordingly, the Court will dismiss the Plaintiff's claim against the FWPD, with leave to file another amended complaint to assert claims that satisfy the framework of *Monell*, *Humphries*, and *Glisson*. If the City of Fort Wayne maintains a policy or custom that deprived the Plaintiff of a protected constitutional right, then he should have the opportunity to seek relief. The Plaintiff should also indicate whether he intends to assert claims against the Unknown Officer in his individual or official capacity (or both).

## CONCLUSION

For these reasons, the Court GRANTS the Fort Wayne Police Department's Motion to Dismiss [ECF No. 20] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claim against the Fort Wayne Police Department. The Court AFFORDS the Plaintiff twenty days from the date of this Opinion and Order to file an amended complaint.

SO ORDERED on January 22, 2018.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT