UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TYQUAN STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00346-TLS-SLC |
| | ) | |
| FORT WAYNE POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is yet another motion for leave to amend complaint filed by *pro se* Plaintiff on March 26, 2018. (DE 48). Plaintiff states in the motion that he "would like the Court to consider [that he has] filed multiple amended complaints stating some of everything [he's] stating now" and that he "was able to put it all in here." (DE 48 at 2). Defendants have not filed a response to the motion, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(A).

As background, Plaintiff filed this case on September 6, 2017, and then filed an amended complaint 10 days later. (DE 1; DE 5). On December 8, 2017, Plaintiff filed a second amended complaint (DE 22) without leave of Court, which was later stricken. (DE 23). On January 22, 2018, the District Judge granted a motion to dismiss filed by then-defendant Fort Wayne Police Department ("FWPD"), allowing Plaintiff 20 days within which to file an amended complaint. (DE 28). On January 24, 2018, Plaintiff filed an amended complaint, naming as Defendants the City of Fort Wayne, Parkview Hospital, Tyler G. Johnson, DO, and the "Lieutenant who was involved." (DE 29). Five days later, on January 29, 2018, Plaintiff filed yet another motion to amend, seeking once again to name the FWPD as a defendant. (DE 30).

In an Order dated March 1, 2018, the Court denied Plaintiff's motion to amend dated January 29, 2018, explaining that it was filed after the applicable deadline in the Court's scheduling order and that Plaintiff failed to establish good cause for the untimely motion under Federal Rule of Civil Procedure 16(b). (DE 37-1 at 2). The Court also explained that Plaintiff's proposed amended complaint was futile in that it sought to add back the FWPD as a defendant when the FWPD had already been dismissed because a municipal police department does not have the capacity to be sued. (DE 37-1 at 2). The Court then stated that Plaintiff's amended complaint filed on January 24, 2018, remains the operative complaint of record, which named four Defendants: the City of Fort Wayne; unknown police officer, Lieutenant who was involved; Parkview Hospital; and Tyler G. Johnson, DO. (DE 29).

Nevertheless, on March 26, 2018, Plaintiff filed the instant motion to amend. (DE 48-1). In addition to essentially repackaging his prior allegations, Plaintiff wants to add as a defendant Professional Emergency Physicians, Inc., because he recently learned that it employs Defendant Tyler G. Johnson, DO. Plaintiff also wants to add as a defendant Lieutenant Tony Maze, presumably to substitute for the "Lieutenant who was involved" named in the operative complaint of record.

There are several problems with Plaintiff's motion. First, the proposed amended complaint is deficient because Plaintiff submitted it in narrative form on notepaper. (DE 48-1). Local Rule 8-1 states that a *pro se* party must use a clerk-supplied form to prepare a complaint alleging civil rights claims arising under 42 U.S.C. § 1983.[1] N.D. Ind. L.R. 8-1.

Second, the motion to amend is untimely because it was filed after the applicable

---

[1] Plaintiff used a clerk-supplied form for the operative complaint of record (DE 29), and thus, obviously Plaintiff is familiar with the form.

deadline in this Court's scheduling order. (DE 17 at 3; DE 18). A scheduling order may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001). To demonstrate good cause, a party must show that despite his diligence, the time table could not reasonably have been met. *Lawson v. Bethesda Lutheran Cmtys., Inc.*, No. 1:11-cv-228, 2012 WL 3288737, at *2 (N.D. Ind. Aug. 10, 2012) (citation omitted).

In an attempt to show good cause, Plaintiff states that he applied for disability due to a mental impairment; he has been caring for his grandfather, who recently passed away; he has custody of one of his sons; he is litigating other lawsuits in this Court; and he recently learned that Defendant Johnson is employed by Professional Emergency Physicians, Inc. (DE 48-1 at 1-2). However, in this particular instance, none of these reasons rise to a showing of good cause, with the exception of Plaintiff's just recently learning of the correct employer of Defendant Johnson. And while Plaintiff does not mention Lieutenant Tony Maze in his discussion of good cause, presumably he also just recently learned that Lieutenant Maze is the unknown police officer named in his prior complaints.

The third problem is that Plaintiff again seeks to add FWPD back as a defendant. This proposed amendment is futile for the reasons already explained to Plaintiff in the Court's Order dated March 1, 2018. (DE 37-1 at 2). "[C]ourts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) (citation omitted)).

For all of these reasons, Plaintiff's motion to amend, seeking to submit the proposed amended complaint attached to the motion, will be denied. Having said that, Plaintiff has shown

3

good cause to amend his complaint in just two limited respects: (1) to name Professional Emergency Physicians, Inc., as an additional defendant; and (2) to substitute Lieutenant Tony Maze for the Defendant "unknown police officer, lieutenant who was involved." Therefore, Plaintiff will be AFFORDED one, final opportunity to submit a proposed amended complaint, using a clerk-supplied form, that adds Professional Emergency Physicians, Inc., as an additional defendant and substitutes Lieutenant Tony Maze for the Defendant "unknown police officer, lieutenant who was involved." Plaintiff is CAUTIONED that he is not to add any claims or other parties that are not already in the operative complaint of record dated January 24, 2018. (DE 29). If he does, or if he fails to use the proper clerk-supplied form, his motion to amend may be summarily denied.

In sum, Plaintiff's motion to amend complaint (DE 48) is DENIED. Plaintiff is AFFORDED one, final opportunity to submit a proposed amended complaint that solely adds Professional Emergency Physicians, Inc., as an additional defendant and substitutes Lieutenant Tony Maze for the Defendant "unknown police officer, lieutenant who was involved." The Clerk is DIRECTED to send to Plaintiff a copy of this Opinion and Order, a copy of the operative complaint of record (DE 29) for his reference, and a blank civil complaint for Plaintiff to complete and file on or before June 5, 2018. The Court is not inclined to afford Plaintiff any extensions to this deadline.

SO ORDERED.

Entered this 22nd day of May 2018.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge