# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:17-CV-346-TLS |
| FORT WAYNE POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Tyquan Stewart's request that Judge Susan L. Collins be removed from this case. (*See* Jugde [sic] Removal, ECF No. 77.) The Plaintiff, proceeding pro se, accuses Judge Collins of bias and bullying.

## BACKGROUND

The Plaintiff's primary concern stems from an attempt to further amend his complaints. When the Plaintiff filed his first Complaint [ECF No. 1] in this case on September 6, 2017, he did so on a clerk-supplied form as required by Local Rule 8-1. He then filed an Amended Complaint [ECF No. 5] twenty days later, again on a clerk-supplied form as required by the local rules, where he added Parkview Hospital and an unknown employee as Defendants. He filed a Second Amended Complaint [ECF No. 22] without leave of Court (but on a clerk-supplied form as required by the local rules), which was later stricken [ECF No. 23]. On January 22, 2018, the Court granted [ECF No. 28] Defendant Fort Wayne Police Department's Motion to Dismiss [ECF No. 20] because the Fort Wayne Police Department cannot be sued under 42 U.S.C.

§ 1983. The Court granted the Plaintiff twenty days to file an amended complaint. Later, on January 24, 2018, the Plaintiff filed a Third Amended Complaint [ECF No. 29], again on a clerk-supplied form as required by the local rules. In the Third Amended Complaint, the Plaintiff named four Defendants: the City of Fort Wayne; unknown police officer, Lieutenant who was involved; Parkview Hospital; and Tyler G. Johnson, D.O. (the previously unknown employee).

On March 26, 2018, the Plaintiff sought leave to amend his complaint again [ECF No. 48]. This was outside the time limit provided by the Court's scheduling order. (*See* ECF Nos. 17, 18.) Additionally, the Plaintiff's proposed Fourth Amended Complaint did not utilize the clerk-supplied form, as required by the local rules. In the proposed Fourth Amended Complaint, the Plaintiff sought to add two Defendants (Professional Emergency Physicians, Inc., the employer of Tyler Johnson, D.O., as well as the Fort Wayne Police Department) and substitute a third (Lieutenant Tony Maze, the previously unknown police officer). Judge Collins recognized that adding the Fort Wayne Police Department as a Defendant would be futile given that it is a non-suable entity under §1983, but also found that the Plaintiff showed good cause to amend his complaint in two respects: (1) to add Professional Emergency Physicians, Inc., as an additional Defendant, and (2) to substitute Lieutenant Tony Maze for the Defendant "unknown police officer, lieutenant who was involved." Thus, the Plaintiff was granted leave to amend his complaint in these two respects, on a clerk-supplied form as required by the local rules, by June 5, 2018. Three days after Judge Collins issued the above Opinion and Order [ECF No. 76], the Plaintiff moved for her recusal. (*See* ECF No. 77.) On June 4, 2018, the Plaintiff filed his Fifth Amended Complaint [ECF No. 79], which complied with Judge Collins' Opinion and Order and utilized the clerk-supplied form, and also moved for leave to further amend his complaint [ECF No. 80] to add additional officers as Defendants.

# ANALYSIS

Scenarios in which a party charges a judge with personal bias or prejudice are governed by 28 U.S.C. § 144. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The filing of an affidavit pursuant to §144 "is akin to the filing of a motion[,]" see *United States v. Kehlbeck*, 766 F. Supp. 707, 709 (S.D. Ind. 1990), and the Court will consider the Plaintiff's filing as an affidavit in keeping with its duties to liberally construe pro se filings, see *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). The affidavit must be timely filed, state the facts and reasons supporting the charge of prejudice or bias, and be accompanied by a certificate of counsel stating that the affidavit has been made in good faith. 28 U.S.C. § 144. Pro se litigants may file the affidavit of good faith themselves. *Prince v. Stewart*, No. 05 C 5849, 2011 WL 722494, at *1 (N.D. Ill. Feb. 23, 2011). The Plaintiff has not included an affidavit stating that the claims made in the affidavit were made in good faith. However, even assuming that his affidavit is not procedurally deficient, the affidavit does not state grounds to remove Judge Collins from the instant case.

It is well-settled that a party seeking judicial recusal must allege facts sufficient to show bias or prejudice stemming from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 554–55 (1994). Therefore, judicial rulings almost never constitute a valid basis for recusal,

3

unless the rulings "display a deep seated favoritism or antagonism that would make fair judgment impossible." *Id.* Merely showing "impatience, dissatisfaction, annoyance, or even anger" from a judge is insufficient. *Id.* at 555–56. "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune [from justifying recusal]." *Id.* at 556. In this case, the Plaintiff has shown only that Judge Collins has attempted to ensure his compliance with the local rules. For example, Judge Collins granted the Plaintiff leave to file a final an amended complaint so long as he utilized the clerk-supplied form for pro se litigants pursuing 42 U.S.C. § 1983 claims. This falls squarely within the type of judicial ruling that cannot form a valid basis for recusal.

The Plaintiff takes issue with the clerk-supplied form in part because his lawyer in a previous case did not have to use the clerk-supplied form. The Court requires pro se litigants, rather than attorneys, to use clerk-supplied forms so that defendants have adequate notice of the claims against them and so that the Court may efficiently process cases where parties are not represented by counsel. Although the Plaintiff may find the clerk-supplied form frustrating or confusing, he has successfully utilized multiple clerk-supplied complaints in the instant case alone. None of the substantive deficiencies in his pleadings, or his requests for amendments, have been brought about by the form's requirements.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion for Recusal [ECF No. 77].

SO ORDERED on June 11, 2018.

  s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT