UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, *also known as* Tyquan Stewart bey,<br><br>Plaintiff,<br><br>v.<br><br>FORT WAYNE POLICE DEPARTMENT, et al.,<br><br>Defendants. | CAUSE NO.: 1:17-CV-346-TLS |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Parkview Hospital, Inc.'s Motion for Summary Judgment [ECF No. 40] and Motion to Renew Motion for Summary Judgment [ECF No. 92]. Plaintiff Tyquan Stewart has filed timely Responses [ECF Nos. 49, 50], and the Defendant has timely replied [ECF No. 65]. The matter is thus fully briefed and ripe for review.[1]

**BACKGROUND**

The following background is provided by the exhibits attached to the operative Complaint [ECF No. 79] and to the parties' briefing on this Motion for Summary Judgment. In June 2016, the Plaintiff was involved in an automobile collision. (Compl. 2.) He was transported from the scene by ambulance to Parkview Regional Medical Center, and, he alleges, lost

---

[1] The Defendant filed its Motion for Summary Judgment against the Plaintiff's Second Amended Complaint [ECF No. 29]. The Plaintiff has subsequently amended his complaint to add additional Defendants. (*See, e.g.*, ECF Nos. 30, 48, 79, 80, 98.) In both the Second Amended Complaint and the current operative Complaint [ECF No. 79], Defendant Parkview's liability is based solely on the torts of Defendant Tyler Johnson, D.O.

consciousness on his way there.[2] At Parkview Regional Medical Center, Defendant Tyler G. Johnson, D.O., treated the Plaintiff. Before treatment, the Plaintiff received and signed an Authorization for Medical Treatment. (*See* Authorization, ECF No. 65-1.) The Authorization provides:

> I authorize the healthcare providers involved with my healthcare to perform medical treatment and those medical procedures, which are necessary and appropriate. I understand the physicians caring for me are independent healthcare providers and not employees of the facility.

*Id.*

The Plaintiff claims that Dr. Johnson learned certain information about him during this treatment, and that Dr. Johnson shared this protected information with several Fort Wayne Police Department Officers without his consent, in violation of the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. 104–191 (Aug. 21, 1996). The Plaintiff also brought a claim for negligence and negligent infliction of emotional distress arising out of the same alleged facts against Dr. Johnson. He further argues that Defendant Parkview is vicariously liable for these three claims because Dr. Johnson was working within his scope of employment at all relevant times. Defendant Parkview asserts that it is not liable for Dr. Johnson's alleged torts because he was an independent contractor at the relevant times, not a Parkview employee.

## LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The nonmoving party must marshal and present the Court with evidence on which

---

[2] Dr. Johnson's medical notes indicate that the Plaintiff denies any loss of consciousness from the automobile collision. (Exhibit D at 9–10, ECF No. 43.)

a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. [A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

The instant case involves a pro se plaintiff, which means that the Court must liberally construe his pleadings. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Additionally, pro se submissions are held "to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

The Plaintiff asserts two reasons that Defendant Parkview is liable for Dr. Johnson's torts under a theory of apparent authority. First, the Plaintiff asserts that there was "no informed

consent." (*See* Resp. 2, ECF No. 50.) Second, he argues that he had no knowledge that Dr. Johnson was an independent contractor rather than a Parkview employee when he received treatment. The Plaintiff further argues that a question of material fact remains concerning his consciousness while he was treated at Parkview Regional Medical Center. Defendant Parkview counters that it is not liable for the torts of Dr. Johnson because he is an independent contractor. The argument therefore centers on the doctrine of apparent authority, specifically in the independent contractor physician context. This area of the law is not well-settled in Indiana. *See, e.g.*, *Sword v. NKC Hosps., Inc.*, 714 N.E.2d 142, 147–51 (Ind. 1999) (explaining apparent authority and Indiana courts' jurisprudence on the subject in hospital settings, and also exploring the law in other jurisdictions); *see also Webster v. Ctr. for Diagnostic Imaging, Inc.*, No. 1:16-cv-2677, 2017 WL 3839377, at *5–9 (S.D. Ind. Aug. 31, 2017) (reviewing *Sword v. NKC Hospitals*, 714 N.E.2d 142 (Ind. 1999), and applying the analysis to a non-hospital medical center). Indiana courts have adopted the Restatement (Second) of Torts § 429 to analyze this area of the law. *Sword*, 714 N.E.2d at 152.

Under Indiana law, "[a] hospital generally will be able to avoid [vicarious] liability [for care provided by independent contractors] by providing meaningful written notice to the patient [of the independent contractors' status], acknowledged at the time of admission." *Id.* (citation omitted). "Under some circumstances, such as in the case of a medical emergency, however, written notice may not suffice if the patient had an inadequate opportunity to make an informed choice." *Id.* Indiana courts appear hesitant to grant summary judgment when determining whether a standard form notice adequately informs a patient of a physician's independent contractor status. For example, the Supreme Court of Indiana noted that a standard "Condition of Admission and Authorization for Treatment" form that explained that the physicians in a hospital

4

were all independent contractors rather than hospital employees likely does not provide meaningful notice to patients who present at the hospital in active labor. *Id.* at 152 n.16. Additionally, the Court of Appeals of Indiana held that a notice that informs a patient that "many" of the physicians in a hospital are independent contractors was not meaningful because such notice did not inform the patient whether her particular treating physician was a hospital employee or an independent contractor. *Helms v. Rudicel*, 986 N.E.2d 302, 313 (Ind. Ct. App. 2013). In both cases, the Indiana courts emphasized that meaningful notice allows a patient to comprehend and understand the independent contractor status of the treating physician in the specific circumstances in which the patient is presented with the notice. As the Indiana Supreme Court noted in *Sword*, notice that is otherwise clear may not be meaningful in a medical emergency. Other courts analyzing *Sword* have similarly recognized the fact intensive nature of such an inquiry. *See Webster*, 2017 WL 3839377, at *5–9; *see also Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426, 437 (Tenn. 2008) (applying Restatement (Second) § 429 and following *Sword*).

On the present record, the Court finds that there are genuine issues of material fact concerning whether the Plaintiff adequately understood the Authorization under the circumstances of his admission to Parkview Regional Medical Center. The record shows that the Plaintiff was admitted to Parkview Regional Medical Center after an automobile collision, and that he had to be transported by ambulance. He also may have been intoxicated, and signed the Authorization at 4:38 A.M. The Plaintiff appears to argue, in essence, that given his state at the time of admission he could not meaningfully understand the Authorization presented to him explaining that the treating physicians at Parkview Regional Medical Center were independent contractors and not employees. To support this argument, he presented two copies of his

signature on Parkview forms,[3] one from a prior admission in April 2016 and the other from his admission to Parkview Regional Medical Center on June 4, 2016. In his Response, he argues that these forms show that he provided "informed consent" in one scenario (April 2016), and that he did not provide "informed consent" in the other (June 4, 2016). The Court must construe pro se filings liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), and assumes here that the Plaintiff is putting forth an argument based on his capacity to meaningful understand the Authorization when he was asked to sign it. Defendant Parkview has not addressed the Plaintiff's argument regarding his ability to meaningfully understand the notice and instead relies on its assertion that the Plaintiff's signature on the notice is sufficient to warrant summary judgment.

Generally, a factfinder determines whether notice was meaningful or whether a plaintiff sufficiently understood that notice under specific circumstances in the independent contractor physician context, unless the uncontroverted facts demonstrate that the plaintiff meaningfully understood, at the time of treatment, that his treating physician was an independent contractor. *See Sword*, 714 N.E.2d at 152–53. Defendant Parkview had the burden to show that it provided "meaningful" notice to the Plaintiff of the employment arrangement of its physicians, that the Plaintiff had special knowledge of the employment arrangement between the hospital and its physicians, or that the Plaintiff should have known about the independent contractor relationship. *Sword*, 714 N.E.2d at 152; *see also Helms*, 986 N.E.2d at 311 (explaining meaningful notice under *Sword*). In this case, the Plaintiff presented a genuine issue of material fact: Whether he had the capacity to understand the written notice provided to him when he received treatment. If the Plaintiff did not understand the written notice, then it cannot be meaningful. Defendant

---

[3] Both forms are single pages taken from a copy of the Authorization.

Parkview has not presented sufficient evidence to resolve the issue. As such, the Court cannot rule as a matter of law at this time.

## CONCLUSION

For these reasons, the Court DENIES Defendant Parkview, Inc.'s Motion for Summary Judgment [ECF No. 40], and renewed Motion for Summary Judgment [ECF No. 92].

SO ORDERED on July 23, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
