# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART *also known as* Tyquan Stewart bey, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:17-cv-00346-TLS-SLC ) |
| PARKVIEW HOSPITAL, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is another motion for leave to amend complaint filed by *pro se* Plaintiff on July 9, 2018, seeking to add three additional defendants: Officer Mark Lowden and Amy Trabel, who both allegedly drew Plaintiff's blood at Parkview Hospital without his consent, and Rachel Penny, who allegedly violated Plaintiff's privacy rights by sharing his medical information without his consent. (DE 98). Plaintiff contends that he just recently learned about these individuals' actions on or around June 8, 2018, when Defendants the City of Fort Wayne and Lieutenant Tony Maze (together, the "City Defendants") responded to his discovery request served on March 20, 2018. (DE 44; DE 84).

The City Defendants filed a response to Plaintiff's motion on July 18, 2018, opposing the motion as to Officer Lowden on several grounds, including untimeliness, undue delay, and futility. (DE 102). No other Defendants responded to Plaintiff's motion, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(A). Plaintiff filed a reply brief on July 20, 2018. (DE 105). On August 9, 2018, the Court heard oral argument on the motion and took the motion under advisement. (DE 112).

The background of Plaintiff's various amendments to his complaint is summarized in the

Court's Order dated May 22, 2018. (DE 76). In that Order, the Court afforded Plaintiff one, final opportunity to file a fourth amended complaint adding Professional Emergency Physicians, Inc., as a defendant, and substituting Lieutenant Maze for the Defendant "unknown police officer, lieutenant who was involved." (DE 76 at 4). On June 4, 2018, Plaintiff filed his fourth amended complaint in accordance with the Court's Order. (DE 79). Nevertheless, on that same day, Plaintiff again sought leave to amend his complaint to add several officer defendants, including Officer Lowden; however, Plaintiff failed to submit a proposed amended complaint with that motion in accordance with Local Rule 15-1. (DE 80). On July 9, 2018, before the Court ruled on that motion, Plaintiff filed the instant motion to amend, this time attaching a proposed amended complaint. (DE 98). Accordingly, the Court deemed Plaintiff's motion to amend dated June 4, 2018, moot, leaving the instant motion as the operative motion to amend. (DE 100).

As the City Defendants observe, there are several problems with Plaintiff's motion. The motion to amend is untimely because it was filed after the applicable deadline in the Court's scheduling order. (DE 17 at 3; DE 18). Additionally, the motion was filed in contravention of the Court's Order dated May 22, 2018, informing Plaintiff that he would be given no further opportunities to amend his complaint. (DE 76). A scheduling order may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001). To demonstrate good cause, a party must show that despite his diligence, the time table could not reasonably have been met. *Lawson v. Bethesda Lutheran Cmtys., Inc.*, No. 1:11-cv-228, 2012 WL 3288737, at \*2 (N.D. Ind. Aug. 10, 2012) (citation omitted).

2

As good cause, Plaintiff asserts that he first learned about the specific actions of Officer Lowden, Trabel, and Penny on or around June 8, 2018 (which he notes is just four days after the City Defendants claim the applicable statute of limitations expired), when the City Defendants belatedly produced their discovery response to his March 20, 2018, discovery request. (DE 84). At oral argument, the attorney for the City Defendants argued that they responded to Plaintiff's discovery request in a "reasonable" amount of time.[1] But Federal Rule of Civil Procedure 34(b)(2)(A) requires that a party respond to a request for production within 30 days—not 80 days—and the City Defendants did not indicate that Plaintiff ever consented to their 50-day delay.

The City Defendants argue that, in any event, they disclosed Officer Lowden in their initial disclosures on December 13, 2017 (DE 25), and thus, Plaintiff has been aware of Officer Lowden since that time. As the City Defendants see it, Plaintiff unduly delayed in serving discovery requests to learn more about Officer Lowden's involvement. Plaintiff acknowledges that Officer Lowden was included in the City Defendants' initial disclosures; Plaintiff emphasizes, however, that he first learned through the City Defendants' discovery response about Officer Lowden's specific actions that purportedly violated his civil rights. Plaintiff adds that he did not serve his discovery request until March 2018 because before then he was caring for his ill grandfather, who passed away in February 2018.

Next, the City Defendants argue that Plaintiff's proposed amendment is futile, asserting

---

[1] It appears that the City Defendants have abandoned the argument in their response brief claiming that the City was not yet a defendant when Plaintiff served his discovery request on March 20, 2018. (DE 102 at 2-3). Indeed, the record does not support that argument. (*See* DE 29; DE 44).

3

that the applicable statute of limitations ran on June 4, 2018. Plaintiff, however, responds that there may be exceptions that apply. In any event, Plaintiff's proposed amended complaint alleges that the incident took place in July 2016. On this record, the Court views the City Defendants' statute of limitations argument as more appropriate to advance in a dispositive motion, with additional briefing, rather than as a bar to the motion to amend. *See, e.g.*, *Envirogen Techs., Inc. v. Maxim Constr. Corp., Inc.*, No. 14 C 2090, 2016 WL 1237800, at *2 (N.D. Ill. Mar. 29, 2016) (declining to deny a motion to amend based on the affirmative defense of the statute of limitations).

Having considered the parties' various arguments, and giving *pro se* Plaintiff every benefit of the doubt, the Court finds that Plaintiff has shown good cause to amend his complaint one last time. Plaintiff did not receive the City Defendants' belated discovery response until on or about June 8, 2018, and he soon thereafter sought to amend his complaint to name three individuals whose specific actions he claims became evident to him through that discovery response. The City Defendants do not offer any reason for their 50-day delay in producing this discovery response to Plaintiff, and thus, their arguments opposing the addition of Officer Lowden are not entirely persuasive. Furthermore, no defendant has opposed adding Trabel and Penny as defendants, and the discovery period remains open for several more months. (DE 111). Any arguments regarding the affirmative defense of the statute of limitations may be raised in a dispositive motion.

For these reasons, the Court GRANTS Plaintiff's motion to amend (DE 98), and DIRECTS the Clerk to show Plaintiff's fifth amended complaint (DE 98-1) as filed. The Court DIRECTS, pursuant to 28 U.S.C. §1915(d), that the United States Marshals Service effect

4

service of process on the newly added Defendants.  Plaintiff is ADVISED that the Court has afforded him every benefit of the doubt in reconsidering its May 22, 2018, admonishment and in allowing him this one additional opportunity to amend his complaint.  Accordingly, Plaintiff is INFORMED that he should not attempt to further amend his complaint and that any further filings by him seeking to do so will be SUMMARILY STRICKEN.

SO ORDERED.

Entered this 13th day of August 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge