# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:17-cv-346-TLS |
| CITY OF FORT WAYNE, LIEUTENANT TONY MAZE, PARKVIEW HOSPITAL, TYLER G. JOHNSON, D.O., PROFESSIONAL EMERGENCY PHYSICIANS, INC., MARK LOWDEN, AMY TRABEL, RACHEAL PENNY, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff Tyquan Stewart's Motion for Summary Judgment [ECF No. 141]. The Defendants, Parkview Hospital, Rachel Peery (named as Racheal Penny) and Amy Trabel [ECF No. 147], City of Fort Wayne, Mark Lowden, and Tony Maze [ECF No. 154], and Dr. Tyler Johnson and Professional Emergency Physicians, Inc. [ECF No. 162] have also filed Motions for Summary Judgment.

## BACKGROUND

The Plaintiff filed a Complaint on September 6, 2017 [ECF No. 1]. After a series of motions to amend, the Plaintiff's Fifth Amended Complaint is now the operative complaint in this case [ECF No. 115]. The Plaintiff brings several causes of action against multiple defendants. The Plaintiff alleges that Defendants Lowden and Maze violated his Fourth Amendment rights when they committed an illegal search and seizure of his blood without a warrant or probable cause. (Pl.'s Fifth Am. Compl. at 2.) The Plaintiff alleges that Defendants

Trabel, Penny, and Johnson invaded his privacy pursuant to HIPAA (identified as HIPPA) and that Trabel committed felony battery. (*Id.*) Additionally, regarding Defendant Johnson, the Plaintiff alleges that Johnson shared his information under "false pretense" and "false light" with malicious intent. Finally, the Plaintiff alleges state law claims for negligence and negligent infliction of emotional distress against all the Defendants.

The Plaintiff contends that the City of Fort Wayne is liable for the actions of its employees, Maze and Lowden. The Plaintiff also argues that Parkview Hospital is liable for the actions of its employees, Trabel, Penny, and Johnson, and that Professional Emergency Physicians, Inc. is also liable for the actions of Johnson. (*Id*. at 4.) The Plaintiff requests compensatory and punitive damages, in addition to attorneys' fees, legal costs, and other expenses the Plaintiff incurred during this litigation. (*Id.*)

## STATEMENT OF FACTS

On June 4, 2016, Defendant Maze responded to a call about a motor vehicle accident. Upon arrival at the scene of the accident, medics informed Maze that the Plaintiff and his passenger were in very serious condition. The Plaintiff had suffered internal injuries and the Plaintiff's passenger had a serious gash to the thigh. Maze spoke with the Plaintiff and the passenger while they waited to receive medical assistance and, in doing so, noticed a strong smell of alcohol emanating from the Plaintiff's vehicle. Maze was unable to perform field sobriety tests due to the nature of the accident.

An ambulance transported the Plaintiff to the Parkview Hospital Emergency Room. Due to the seriousness of the accident and Maze's observations, Maze determined that both drivers should be subjected to blood alcohol test (BAT). Maze requested that Defendant Lowden assist

2

with the investigation and go to Parkview Hospital. Lowden asked medical staff for an updated condition on Plaintiff and his passenger. Maze then asked Lowden to request that the Plaintiff's treating physicians perform a blood draw as part of their treatment of the Plaintiff. However, neither Maze nor Lowden ordered the treating physicians to conduct a blood draw or perform any specific testing.

As part of his medical care for the Plaintiff, Defendant Dr. Tyler Johnson, without orders from law enforcement, ordered a trauma assessment that included blood testing. Ethanol testing, as part of the blood testing, is an essential part of administering care to a trauma patient. The Plaintiff was unconscious when Defendant Amy Trabel, a phlebotomist, performed a blood draw. Maze and Lowden subsequently requested the results of the Plaintiff's medical blood draw pursuant to Ind. Code § 9-30-6-6, [1] which Defendant Rachel Perry then delivered to them. The blood draw showed that the Plaintiff had a BAT above .15. Consequently, the Plaintiff was charged with Operating While Intoxicated. Neither Defendant Johnson nor Trabel communicated the BAT results to law enforcement.

On October 15, 2018, the Plaintiff filed a Motion for Summary Judgment [ECF No. 141] and on November 6, 2018 Defendants Professional Emergency Physicians, Inc., and Johnson filed a response [ECF No. 144]. Defendants Parkview Hospital, Perry, and Trabel filed a Motion for Summary Judgment on November 6, 2018 [ECF No. 147] and a response [ECF No. 157] to the Plaintiff's Motion for Summary Judgment on November 9, 2018. Defendants City of Fort

---

[1] The statute reads as follows: "A physician or a person trained in obtaining bodily substance samples and acting under the direction of or under a protocol prepared by a physician, who: (1) obtains a blood, urine, or other bodily substance sample from a person regardless of whether the sample is taken for diagnostic purposes or at the request of a law enforcement officer under this section; or (2) performs a chemical test on blood, urine, or other bodily substance obtained from a person; shall deliver the sample or disclose the results of the test to a law enforcement officer who requests the sample or results as a part of a criminal investigation. Samples and test results shall be provided to a law enforcement officer even if the person has not consented to or otherwise authorized their release."

Wayne, Lowden, and Maze filed a response [ECF No. 153] to the Plaintiff's Motion for Summary Judgment and a Motion for Summary Judgment [ECF No. 154] on November 9, 2018. The Plaintiff filed a response [ECF No. 158] to the Defendants', City of Fort Wayne, Lowden, and Maze, Motion for Summary Judgment on November 15, 2018, and the Defendants filed a reply [ECF No. 160] on November 29, 2018. Defendants Professional Emergency Physicians, Inc., and Johnson filed a Motion for Summary Judgment [ECF No. 162] on December 17, 2018 and the Plaintiff filed a response [ECF No. 164] on December 19, 2018. The Plaintiff filed a reply [ECF No. 161] supporting his summary judgment motion on November 30, 2018.

## LEGAL STANDARD

Summary judgment is proper where the evidence of record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment. *Id.* at 324. "[A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material issue, then the Court must enter summary judgment against it. *Id.* Bare assertions are insufficient to create a dispute of fact for summary judgment. Fed. R. Civ. P. 56(e).

# ANALYSIS

The Plaintiff brings various claims against all the Defendants. The Court will address the allegations against Defendants City of Fort Wayne, Lowden, and Maze, Defendants Parkview Hospital, Peery, and Trabel, and Defendants Emergency Room Physicians and Johnson separately.

## A.     Defendants City of Fort Wayne, Lowden, and Maze

The Plaintiff alleges that Defendants City of Fort Wayne, Lowden, and Maze committed "constitutional torts" and "common law torts," in addition to "illegal search of [sic] seizure due process" when the Defendants "took [his] blood without a warrant or probable cause." (Pl.'s Fifth Am. Compl. at 2–3.) The Plaintiff states that the City of Fort Wayne is liable for the actions of its employees, Maze and Lowden. (*Id*.) The Defendants argue that the Fourth and Fourteenth Amendments are inapplicable to the Plaintiff's claims, the Plaintiff's retaliation claim is not a recognized claim, and the Indiana Tort Claims Act bars the Plaintiff's state law negligence and negligent infliction of emotional distress. (Defs.' Mem. in Supp. of Mot. for Summ. J. at 7–8.) The Defendants also argue that Maze and Lowden are entitled to the defense of qualified immunity and there is no basis for municipal liability. The Plaintiff argues, in response, that he filed this claim within the appropriate window pursuant to the Indiana Tort Claims Act and appears to ask for assistance with an ineffective assistance of counsel claim. (Pl.'s Resp. to Defs. City of Fort Wayne, Lowden, and Maze's Mot. for Summ. J. at 1–2.)

### 1.     *Plaintiff's Constitutional Claims*

The Plaintiff appears to bring his constitutional claims against the Defendants pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

To state a claim under § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Defendants argue that the Plaintiff's Fourth Amendment rights were not violated because Maze and Lowden properly secured the results of a medical blood draw pursuant to Ind. Code § 9-30-6-6. (ECF No. 155, Def.'s Mem. at 8.) The Defendants contend that Indiana courts have determined that there is no reasonable expectation of privacy in BAT results that a hospital obtains and records during its treatment of a patient, when law enforcement requests those results in the investigation of an automobile accident. *See State v. Eichhorst*, 879 N.E. 2d 1144, 1148–49 (Ind. Ct. App. 2008). In response, the Plaintiff argues that the officers failed to obtain a warrant for his BAT results. (ECF No. 158, Pl.'s Resp. at 2.)

Pursuant to Indiana law, consent to health care treatment is not required in an emergency or when the patient is too intoxicated to give consent. Ind. Code § 34-18-12-9. Additionally, Indiana courts have found no constitutional violation where "the blood draw was not performed solely to serve the needs of law enforcement." *Eichorst*, 879 N.E. 2d at 1150. Such is the case here: The blood draw was performed for medical purposes (Lowden Aff. ¶ 17), and Stewart has not disputed this fact, as he testified that he was unconscious during the procedure (Stewart Dep. at 78:14–24.) As the Plaintiff has failed to establish that there is a genuine dispute of material

fact as to whether he was deprived of a constitutional right, the Defendants are entitled to judgment as a matter of law.

The Plaintiff also alleges that the Defendants violated his due process rights pursuant to the Fourteenth Amendment. The Plaintiff's arguments regarding this claim are based upon the same allegations as his Fourth Amendment claim – that Defendants Lowden and Maze ordered a blood draw improperly without a warrant. The Defendants argue that this claim is governed by the Fourth Amendment and the Plaintiff's claim must thus necessarily fail. (Defs.' Mem. in Supp. of Mot. for Summ. J. at 14.) The Plaintiff fails to address this argument in his response to the Defendants' Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…consider the fact undisputed for purposes of the motion [or[ grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it…." Fed. R. Civ. P. 56(e)(2), (3). As the Plaintiff failed to discuss his Fourteenth Amendment claim in his response to summary judgment, this claim is deemed abandoned. *Palmer v. Marion Cnty.*, 327 F.3d 588, 598 (7th Cir. 2003). "The law is clear that failure to respond to issues raised in a summary judgment motion constitutes waiver." *Morgan v. Snider High Sch.*, 2007 WL 3124524, at *5 (N.D. Ind. Oct. 23, 2007).

Finally, the Plaintiff also asserts his Fourth and Fourteenth amendment claims against the City of Fort Wayne. Local governments and municipalities may qualify as a "person" under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To allege that a municipality has violated an individual's civil rights under ... § 1983, [a plaintiff must]

allege that (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of the law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir.2000). Although there is no heightened pleading standard for a municipal liability claim under § 1983, *see Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 183 (1993), a plaintiff still must "set forth sufficient allegations to place the court and defendants on notice of the gravamen of the complaint." *Latuszkin v. City of Chicago,* 250 F.3d 502, 504 (7th Cir.2002).

The Plaintiff does not allege that there was an express policy or widespread practice and offers no evidence to that point. Further, in response to the Defendants' Motion for Summary Judgment, the Plaintiff does not address municipal liability. As with his Fourteenth Amendment claim, the Court finds that the Plaintiff has abandoned this claim. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 n.2 (7th Cir. 1996) (finding that a plaintiff has abandoned a claim when he or she fails to respond to arguments on that claim in the defendant's motion for summary judgment).

2.  *The Plaintiff's State Law and Other Claims*

The Plaintiff alleges state law negligence and negligent infliction of emotional distress against the Defendants. The jurisdiction of the Court over the state-law claims is based on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), which extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their

original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution.

The Defendants argue that the Maze and Lowden acted within their employment when they obtained the results of the Plaintiff's BAT, and the Indiana Tort Claims Act immunity applies. The Plaintiff argues that he filed the claim within "the 180 days required, and if proper notice was not establish [sic] It [sic] was defense fault…" (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 1.) Thus, the Plaintiff does not dispute the applicability of the Indiana Torts Claims Act to the Defendants.

The Indiana Tort Claims Act, Ind. Code § 34-13-3-3-(8) states that: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the…adoption and enforcement of or a failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment." *Id.* Negligence and intentional infliction of emotional distress claims do not survive, even when they relate to a claim that escapes the immunity provision of the Indiana Tort Claims Act. *See Foster v. Land*, No. 2:16-CV-45-RLM-PRC, 2016 WL 3971699, at *6 (N.D. Ind. July 25, 2016). The Plaintiff provides no legal argument in rebuttal, and thus his claim fails as a matter of law. *Beard v. Whitley Cnty. REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (nothing that a party "who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial."); *see Allstate Ins. Co. v. Kundrat*, No. 2:03 CV 481 RL, 2006 WL 516780, at *10 (N.D. Ind. Mar. 2, 2006) (holding that a party is obligated to provide the Court with both the factual and legal basis for their arguments.).

9

Lastly, the Plaintiff alleges in his Fifth Amended Complaint that he was charged with crimes related to his motor vehicle accident "out of retaliation." (Pl.'s Fifth Am. Compl. at 2.) The Defendants argue that the Plaintiff's retaliation claim has no legal nor factual basis. The Plaintiff argues, in response, that the Defendants retaliated against him due to his participation in *Stewart v. Fort Wayne Police Department* (1:16-cv-316) and *Bey v. Allen Cnty. Jail*. However, the Plaintiff fails to identify the legal basis for his claim. A non-moving party cannot rest on the allegations or denials contained in its pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *See Celotex Corp.*, 477 U.S. at 322–23. The Plaintiff has neither identified the legal framework for his retaliation claim, nor identified facts that demonstrate the Defendants committed retaliation.

As both a movant and non-movant to summary judgment, the Plaintiff has failed to carry his burden in respect to all his allegations against the Defendants, the City of Fort Wayne, Lowden, and Maze. Therefore, the Court DENIES the Plaintiff's Motion for Summary Judgment [ECF No. 141] and GRANTS the Defendants' Motion for Summary Judgment [ECF No. 154].

**B.     Defendants Parkview Hospital, Rachel Peery, and Amy Trabel**

The Plaintiff brings multiple claims against these Defendants. The Plaintiff alleges that Defendant Amy Trabel committed battery because she obtained his blood without a warrant. The Plaintiff alleges that Defendants Perry and Trabel violated Parkview Hospital policy and committed an invasion of privacy pursuant to HIPAA when she shared the Plaintiff's medical information without his consent "under false pretense and false light." The Plaintiff claims that

10

Defendant Parkview Hospital is liable for its employees, including Defendants Trabel, Perry, and Johnson.[2]

The Defendants argue that the Plaintiff presents no legal basis for his claims that the Defendants committed battery, "false pretense under false light," and retaliation. (Defs.' Resp. to Pl.'s Mot. for Summ. J. at 6–7.) The Plaintiff does not offer any argument in rebuttal, and the time to do so has passed. "It is not the Court's job to conduct legal research and construct legal arguments for the parties." *Means v. St. Joseph Cnty. Bd. of Comm'rs*, No. 3:10-CV-003 JD, 2011 WL 4452244, at *8 (N.D. Ind. Sept. 26, 2011) (citing *Gross v. Town of Cicero,* 619 F.3d 697, 704 (7th Cir.2010)). The Plaintiff has failed to connect the facts in the record to any legal basis to support his motion for summary judgment, which is his burden. *See, e.g., Toddco, Inc. v. Nextel W. Corp.*, No. 2:04-CV-3, 2005 WL 1174220, at *6 (N.D. Ind. Apr. 28, 2005). Where a Plaintiff fails to set forth any legal basis for the court to conclude that summary judgment is appropriate, it must be denied. *See, e.g.*, *Range v. Brubaker*, No. 3:07 CV 480, 2009 WL 857499, at *5 (N.D. Ind. Mar. 31, 2009). Therefore, the Court finds no basis to grant the Plaintiff's summary judgment motion as to his allegations regarding battery, false pretense under false light, and retaliation.

The Plaintiff's remaining claims against the Defendants are negligence and negligent infliction of emotional distress. As noted above, the jurisdiction of the Court over the state-law claims is based on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). In Indiana, to demonstrate negligence, a Plaintiff must show: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by allowing conduct to fall below the applicable standard of care; and

---

[2] While the Defendants address the Plaintiff's Fourteenth Amendment claims against Trabel in their Motion for Summary Judgment, the Plaintiff's Fifth Amended Complaint makes no mention of such an allegation and, accordingly, the Court will not address the Defendants' argument here.

(3) compensable injury proximately caused by the breach of duty. *See Smith v. Walsh Constr. Co. II, LLC*, 95 N.E.3d 78, 84 (Ind. Ct. App.), *reh'g denied* (Apr. 18, 2018), *transfer denied sub nom. Walsh Constr. Co., II, LLC v. Case Found. Co.*, 110 N.E.3d 1146 (Ind. 2018). The Defendants argue that the Plaintiff fails to satisfy any of the foregoing elements to prevail on a common law negligence claim. (Defs.' Resp. to Pl.'s Mot. for Summ. J. at 5.) Specifically, the Plaintiff fails to identify any duty that the Defendants owed to him, as well as a breach of any duty. (*Id.*) The Plaintiff does not offer any argument in rebuttal. As discussed above, mere recitations of allegations will not suffice at the summary judgment stage. Therefore, the Court finds that it cannot grant the Plaintiff summary judgment on this point.

Additionally, the Defendants argue that the Plaintiff cannot sustain an allegation of negligent infliction of emotional distress. (Defs.' Resp. to Pl.'s Mot. for Summ. J. at 6.) To maintain a cause of action for negligent infliction of emotional distress, a plaintiff must satisfy the "impact rule." *Alexander v. Scheid*, 726 N.E.2d 272, 283 (Ind. 2000). A plaintiff must demonstrate that he or she suffered a direct physical impact, but this impact need not cause a physical injury to the plaintiff and the emotional trauma the plaintiff suffered does not need to result from a physical injury caused by the impact. *See Conder v. Wood*, 716 N.E.2d 432, 434 (Ind. 1999).

Finally, the Plaintiff alleges that the Defendants violated HIPAA when they disclosed his BAT results to police officers. It is well-settled that "HIPAA does not furnish a private right of action." *Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. 2011). "HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone." *Doe v. Board of Tr. Of the Univ. of Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006).

"[E]very court to have considered the issue…has concluded that HIPAA does not authorize a private right of action." *Traveler v. Ott*, No. 1:06-CV-304, 2006 WL 3450602, at *3 (N.D. Ind. Nov. 29, 2006).

Thus, the Court DENIES the Plaintiff's Motion for Summary Judgment in [ECF No. 141] and GRANTS the Defendants' Motion for Summary Judgment [ECF No. 147].

**C.     Defendants Emergency Room Physicians and Dr. Tyler Johnson**

The Plaintiff alleges that Defendant Johnson violated HIPAA by sharing the Plaintiff's information under false pretense and false light, committed retaliation, and that Emergency Room Physicians is liable for the torts of its employee, Johnson. The Defendants contend that the Plaintiff cannot state a cause of action pursuant to HIPAA, "sharing information under false pretense and false light," nor "retaliation." (Def.'s Br. in Supp. of Mot. for Summ J. at 7, 9.) Further, the Defendant argues that the Plaintiff cannot prevail on a negligence claim under Indiana law. In response, the Plaintiff argues that the medical records show that Defendant Johnson made false statements, he shared these records with the City of Fort Wayne, and that the Defendant retaliated due to the previous lawsuit against Parkview Hospital.

As discussed above, the Plaintiff has failed to demonstrate that a legal cause of action exists for his claims under HIPAA, false pretense and false light, or retaliation claims. While the Defendants construed the Plaintiff's arguments regarding false pretense and false light as defamation claims, the Plaintiff made it clear in his reply to that his false light allegations were premised upon neither libel nor slander. (ECF No. 161, Pl.'s Reply to Defs.' Mot. for Summ. J. at 2.) Accordingly, the Court DENIES the Plaintiff's Motion for Summary Judgment [ECF No. 141] and GRANTS the Defendants' Motion for Summary Judgment [ECF No. 162].

**D. Dismissal of Action**

A litigant proceeding in forma pauperis has the same right to amend a complaint as fee-paying plaintiffs. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). "[C]ourts have broad discretion to deny leave to amend where...the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The Court may evaluate futility when a corresponding motion for summary judgment is pending. *See BKCAP, LLC v. Captec Franchise Tr. 2000-1*, No. 3:07-CV-637, 2010 WL 1222187, at *3 (N.D. Ind. Mar. 23, 2010) Further, "[i]f a summary judgment motion is pending, futility may be shown with reference to the entire summary judgment record." *Miller v. Account Mgmt. Servs.*, No. 1:07-CV-231, 2008 WL 2338300, at *2 (N.D. Ind. June 3, 2008); *Sound of Music Co. v. Minn. Min. & Mfg. Co.*, 477 F.3d 910, 923–24 (7th Cir. 2007) (classifying amendment as futile where "the amended claim would not survive a motion for summary judgment"). The record in this case demonstrates that any further amendments to the complaint would be futile. The Plaintiff has had multiple opportunities to amend his complaint to list cognizable causes of action against the Defendants and time to marshal evidence in support of his summary judgment motion, but has failed to do so. Therefore, the Court finds that the Plaintiff's case should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the Court GRANTS summary judgment in favor of Defendants, City of Fort Wayne, Tony Maze, Parkview Hospital, Tyler Johnson, Tony Maze, Professional Emergency Physicians, Mark Lowden, Amy Trabel, and Racheal Penny (Rachel Perry) and against Plaintiff Tyquan Stewart.

SO ORDERED on April 8, 2019.

                                             s/ Theresa L. Springmann
                                             CHIEF JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT